## THOMPSON v. STEBBINS.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. ACTION ON CONTRACT—EVIDENCE—SUFFICIENCY—VERDICT OF JURY.

In action by a daughter against her father on a contract whereby the father agreed to make certain payments in consideration of her interest in land as heir of her deceased mother, a verdict in favor of plaintiff will not be disturbed where the daughter gave positive testimony as to the terms of the contract, and the father testified that he did not remember having made the agreement, though it was highly improbable that he would have made such a contract, especially when the element of improbability was submitted to the jury.

Appeal from trial term, Westchester county.

Action by Dora S. Thompson against Charles M. Stebbins. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Alonzo Jay Hart, for appellant.
Morris P. Ferris, for respondent.

WILLARD BARTLETT, J. The plaintiff is the daughter of the defendant. In 1869 the defendant's wife died intestate, seised of certain real property in Westchester county known as the "Mead Farm." This property descended to her three children, of whom the plaintiff was one; her husband, as tenant by the curtesy, being entitled to a life estate in the same.

The present action was brought by the plaintiff to enforce a contract which she alleges was entered into between her father and herself relative to the disposition of the Mead farm. She claims to have been induced by her father to institute a partition suit, whereby he was enabled to acquire the property by paying the costs of partition, and thereafter raise a large amount of money upon bond and mortgage for his own purposes. In consideration of this act on her part, she says her father agreed to pay her $15,000 for her interest in the land, and the sum of $1,000 yearly until the $15,000 should be paid. The annual payments having ceased, she brought this action to recover the principal sum and the balance of annual payments due under her father's alleged agreement.

There are no tenable exceptions in the record, and the only substantial question presented by the appeal is whether the evidence upon the trial was sufficient to sustain the verdict in favor of the plaintiff. It is strenuously argued in behalf of the appellant that it is highly improbable that the father would have made such a contract as that upon which the plaintiff relies. He was entitled in any event to the income of the farm for life, and the payments which he is alleged to have promised, both for his daughter's interest and by way of annual income to her, seem to have been far larger than she could ever have realized if she had at once acquired her share in the property itself. The elements of improbability in the alleged agreement, however, were very distinctly pointed out to the jury by the learned judge who presided upon the trial; and the result shows that the jury refused to deem them controlling in view of the positive testimony of the daughter as to the actual promise by her father and the father's failure to interpose any direct denial. The most that he would say was that he did not remember ever having made any such agreement. The contract, so far as the daughter is concerned, was fully executed on her part by bringing the partition suit and allowing her father to obtain title to the property; and this entitles her to enforce his agreement made in consideration of this action in her behalf, even if that agreement was as extravagant in a pecuniary point of view as it seems to have been. In the absence of any substantial contradiction by the

father, it cannot be said that the verdict was against the evidence; and upon the whole record we do not feel justified in interfering with the finding of the jury.

Judgment and order affirmed, with costs. All concur.